Affirming.
The appellant corporation is engaged in manufacturing, distributing and selling electricity for light, heat and power. It instituted this action against appellees to condemn a strip of land 100 feet wide and extending 2,076 feet across their farm over which to construct its transmission line. Commissioners in the county court awarded appellees $1,000.00 in damages and both parties filed exceptions to their report. Upon trial of these exceptions *Page 165 
in the county court the jury fixed the damages at $2,500.00. Plaintiff appealed to the circuit court and a trial there resulted in a verdict for defendants in the sum of $4,300.00 which was followed by this appeal.
But two grounds are relied upon for reversal, namely: the admission of incompetent evidence and the verdict is excessive.
The first insistence is that the court erred in permitting the defendants to prove that an adjoining farm had been laid off into town lots and a street extended through same up to defendants' land; and that there was a large coal operation adjacent to the intervening farm, and another such operation nearby on the opposite side of this farm. This objection seems to be based solely upon the fact that the communities that have grown up in and about the coal operations are not incorporated. This fact, however, is clearly not important since the value of defendants' land depended not upon whether or not the settlements in and about the coal operations were incorporated but rather upon the character and extent of such operations and the consequent, if any, demand for adjacent properties for residential and business purposes and, more particularly its effect upon the value of defendants' land being condemned.
That defendants were entitled to prove and have considered any and every fact that affected the market value of the condemned land is clear and the court did not err in permitting them to prove its availability as building lots and the prices at which like land similarly located was selling. Nor is there any merit in the contention that defendants' witnesses did not properly qualify to testify as to the value of defendants' farm before and after the construction of plaintiff's transmission line through it. This objection is based upon the fact that several of these witnesses in response to questions as to whether or not they were acquainted with the fair market value of lands in the community responded: "Well, some, yes," "I reckon I was," or the like. These qualified responses were clearly due to hesitation upon the part of the witnesses to state unqualifiedly their ability to value the land although thoroughly familiar with all the facts and conditions upon which value depended and the prices at which such property had been selling in that vicinity.
The final complaint under this head is of the refusal of the court to exclude the testimony introduced without *Page 166 
objection of three of defendants' witnesses upon the question of value after, upon cross-examination, they were made to admit that in their estimates of the value of the rights or easement taken they considered that plaintiff was practically taking the fee in the entire 100-foot strip across defendants' farm. These witnesses, however, fixed defendants' damages at from seven to ten thousand dollars and as the jury placed it at only forty-three hundred it would seem that they recognized and fully discounted the error upon which these witnesses based their estimate of value. Moreover plaintiff was not entitled to have the evidence of these witnesses excluded as only it asked since it was its duty after discovering upon cross-examination that they possibly did not correctly understand the true character of the easement being condemned to have defined or had the court define same and to ascertain from the witnesses what, if any, difference this would make in their estimates of damages. Nowhere throughout the trial was this done.
The easement as described in the petition was read to the witnesses both for plaintiff and defendants and their estimates were fixed upon what they conceived the easement to be. Not only so but the easement was described in precisely the same language in the court's instructions which were prepared and offered by plaintiff and to the giving of which the defendants consented. The plaintiff did not offer any instruction otherwise and more accurately defining the easement and it is in no position therefore to complain of the fact, if a fact, that the jury and witnesses may have drawn incorrect inferences as to the exact character of the easement involved. As held in the case of Kentucky West Virginia Power Company v. Elkhorn City Land Company, 212 Ky. 624, 279 S.W. 1082, it would have been the duty of the court if asked to do so to have accurately defined as therein indicated the character and extent of plaintiff's and defendants' rights in and to the strip of land condemned, but they clearly waived such right in the trial of this case and took their chances upon the jury being able to correctly estimate the damages under the testimony and upon the agreed upon instructions. The damages as fixed by the witnesses ranged all the way from one to ten thousand dollars, and there were more witnesses who fixed the value in excess of the sum allowed by the jury than below it. Besides the jury upon motion of the plaintiff viewed the premises and we are unable to say that their *Page 167 
verdict is so excessive as to indicate prejudice or bias upon their part. Indeed any such inference seems wholly unwarranted not only from the evidence but particularly from the fact that this case was tried with another like one and while the jury increased defendants' damages over that allowed by the jury in the county court they substantially reduced the amount thus allowed the other defendant, which suggests at least the absence of bias or prejudice against the plaintiff.
Perceiving no error prejudicial to appellant's substantial rights the judgment is affirmed.